UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



--------------------------------------------------------------X

THOMAS FEDELE, MATTHEW ANDERSON,
GREGORY AURIGEMMA, ARTURO F.
RAMIREZ-CALLE and ALEC ZEF,

     Plaintiffs,

   -against-          **COMPLAINT**

                  **JURY DEMAND**

MARIANNE HARRIS, KIARAN JOHNSON-
LEW, MARY STARR, RICHARD ERNST,
JAMIE WOODWARD, HONORA "NONIE"
MANION, NANCY WILLIAMS, EDWARD
CHASZCZEWSKI, RICHARD ARNOLD,
ARGIROULA "ARGI" O'LEARY, VICTOR
VASTA, JR., TODD WYNNE, DAVID SAVOIE,

     Defendants.

--------------------------------------------------------------X

  The plaintiffs, by their attorney, HOWARD R. BIRNBACH, for their complaint,

respectfully allege as follows:

### THE PARTIES

  1.  Plaintiff, THOMAS FEDELE, is domiciled in the County of Bronx in the State of

New York.

  2.  Plaintiff, MATTHEW ANDERSON, is domiciled in the County of Nassau in the State

of New York.

  3. Plaintiff, GREGORY AURIGEMMA, is domiciled in the County of Nassau in the

State of New York.

  4. Plaintiff, ARTURO F. RAMIREZ-CALLE, is domiciled in the County of Queens in

the State of New York.

5. Plaintiff, ALEC ZEF, is domiciled in the County of Nassau in the State of New York.

6. The plaintiffs, except for MATTHEW ANDERSON, at all times herein, were members of the Criminal Investigations Division of the New York State Department of Taxation and Finance Office of Tax Enforcement.

7. Defendant, MARIANNE HARRIS, at all times herein, was the Deputy Inspector General and later the Director of Internal Affairs of the New York State Department of Taxation and Finance.

8. Defendant KIARAN JOHNSON-LEW, was the Director of Human Resources of the New York State Department of Taxation and Finance.

9. Defendant MARY STARR was the Director of Personnel for the New York State Department of Taxation and Finance.

10. Defendant RICHARD ERNST was the Deputy Commissioner for Enforcement of the New York State Department of Taxation and Finance.

11. Defendant JAMIE WOODWARD was Acting Commissioner and later Executive Deputy Commissioner of the New York State Department of Taxation and Finance.

12. Defendant HONORA ("NONIE") MANION was the Director and Head of Audit for the New York State Department of Taxation and Finance.

13. Defendant NANCY WILLIAMS was Head of Income/Franchise Tax Desk Audit Bureau for the New York State Department of Taxation and Finance.

14. Defendant RICHARD ARNOLD was Section Head of Desk Audit Group for the New York State Department of Taxation and Finance.

15. Defendant ARGIROULA ("ARGI") O'LEARY was Assistant Deputy Commissioner for Litigation strategy for the New York Sate Department of Taxation and Finance.

16. Defendant EDWARD CHASZCZEWSKI was Director of Income/Franchise Desk Tax Audit Bureau for the New York State Department of Taxation and Finance.

17. Defendant VICTOR VASTA, JR. was Internal Affairs Investigator for the New York State Department of Taxation and Finance.

18. Defendant TODD WYNNE was the Director of Labor Relations for the New York State Department of Taxation and Finance.

19. Defendant DAVID SAVOIE was Assistant Director of Labor Relations for the New York State Department of Taxation and Finance.

## JURISDICTION

20. The plaintiffs bring this action pursuant to 28 U.S.C. § 1331 on the grounds that it is a civil action arising under the Constitution, laws or treatises of the United States.

21. Venue in this Court is properly based upon 28 U.S.C.§ 1391 because a substantial portion of the events giving rise to the claims for relief occurred within the State of New York and within the Eastern District of New York.

## THE FACTS

22. The gravamen of this complaint is that the defendants, under color of state law, unlawfully initiated and conducted audits and tax investigations of the plaintiffs, as a pretext for terminating the Plaintiffs civil service employment in retaliation for their exercise of constitutionally protected civil rights.

23. The defendants used and disclosed Plaintiffs confidential federal tax returns and federal tax information in their retaliatory scheme in violation of 26 USC §6103.

24. The defendants used and disclosed Plaintiffs confidential federal tax returns and federal tax information in their retaliatory scheme in violation of 26 USC §7213.

25.  The Defendants used, disclosed, divulged and/or made known Plaintiffs confidential tax return and tax information in their retaliatory scheme in violation of New York Tax Law §697

26.  The use of tax returns and tax return information for employee administrative purposes is a violation of both Federal and New York State law.

27.  The motivation behind the tax audit and investigation was to circumvent the civil service laws which restrict terminations of personnel absent a lawful basis.

28.  Defendants' efforts to terminate Plaintiffs were in retaliation against Plaintiffs for their exercise of constitutionally protected civil rights under both the United Sates and New York Constitutions.

29.  On July 8, 2010, an article appeared in the *New York Post* stating that funding for cigarette sting operations by the Criminal Investigations Division was substantially cut as a result of political pressure.

30.  The same day, THOMAS STANTON (STANTON), the Director of the New York State Office of Tax Enforcement, Criminal Investigations Bureau, was terminated.

31.  Shortly thereafter, Stanton's second in command, Deputy Director PAUL ROSSI (ROSSI), was also terminated.

32.  Neither STANTON nor ROSSI were protected by the New York State Civil Service Law and could be terminated without cause.

33.  Plaintiffs were closely associated with STANTON in their work at the Office of Tax Enforcement.  Under the Civil Service laws of New York, PLAINTIFFS could not be terminated unless for cause.

34. On July 12, 2011, defendant ERNST transmitted an e-mail threatening the plaintiffs, and others, with discipline arising from the leak of information to the *New York Post.*

35. On or about August 5, 2011, the Director of Investigations, PETER PERSAMPIERI, called plaintiff AURIGEMMA, RAMIREZ-CALLE and ZEF and directed them to call the Department of Internal Affairs and schedule interviews.

36. On or about August 16, 2011, plaintiffs AURIGEMMA, RAMIREZ-CALLE and ZEF were interrogated by the New York State Department of Taxation and Finance Internal Affairs investigators with regard to the leaked story to the *New York Post.*

37. On or about August 25, 2011, Plaintiffs received a Notice of Audit dated August 22, 2011, demanding production of records to substantiate the information on their 2010 tax returns.

38. Plaintiffs timely filed their New York State income tax returns for 2010.

39. The Defendants commenced tax audits of members of the Office of Tax Enforcement in April 2011.

40. The audits of Office of Tax Enforcement personnel began only four (4) weeks after the filing deadline.

41. Based on the custom and practice of the New York State Department of Taxation and Finance (the "Department") an audit of a taxpayer's return within only a few months of the filing deadline is extraordinary and unusual.

42. By June 3, 2011, all five of the Plaintiffs had been specifically identified and targeted for audit.

43. The Department performed a desk audit of Plaintiffs' tax returns.

44. In general, Desk Audits are performed by a low level tax department employee, i.e. a Tax Technician Level 1.

45. Plaintiffs' tax returns were audited and the audit was directed and closely supervised by top officials within the audit division of the Department, including Defendants herein.

46. The defendants title their conspiracy against the defendants a "special project" in their communications.

47. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, MATTHEW J. ANDERSON, alleging a deficiency in the sum of $445.56 for taxes allegedly due and payable for personal income tax.

48. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of plaintiff ANDERSON.

49. Plaintiff ANDERSON has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

50. Anderson's challenge to the tax assessment is currently pending within the New York State, Department of Taxation, Division of Tax Appeals ("DTA").

51. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, MATTHEW J. ANDERSON, alleging a deficiency in the sum of $842.78 for taxes allegedly due and payable for personal income tax.

52. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of plaintiff ANDERSON.

53. Plaintiff ANDERSON has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

54. Anderson's challenge to the tax assessment is currently pending within the DTA.

55.   On April 23, 2013, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, GREGORY AURIGEMMA, alleging a deficiency in the sum of $2,825.47 for taxes allegedly due and payable for personal income tax.

56.   In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff AURIGEMMA.

57.   Plaintiff AURIGEMMA has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

58.   AURIGEMMA's challenge to the tax assessment is currently pending within the DTA.

59.   On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, GREGORY AURIGEMMA, alleging a deficiency in the sum of $4,025.06 for taxes allegedly due and payable for personal income tax.

60.   In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff AURIGEMMA.

61.   Plaintiff AURIGEMMA has retained counsel and filed a timely challenge o the aforementioned notice of deficiency.

62.   AURIGEMMA's challenge to the tax assessment is currently pending within the DTA.

63.   On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, THOMAS M. FEDELE, alleging a deficiency in the sum of $3,440.66 for taxes allegedly due and payable for personal income tax.

64.   In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff FEDELE.

65. Plaintiff FEDELE has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

66. FEDELE's challenge to the tax assessment is currently pending before the DTA.

67. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, ARTURO RAMIREZ-CALLE, alleging a deficiency in the sum of $3,034.27 for taxes allegedly due and payable for personal income tax.

68. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff RAMIREZCALLE.

69. Plaintiff RAMIREZ-CALLE has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

70. RAMIREZ-CALLE's challenge to the tax assessment is currently pending before the DTA.

71. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, ARTURO RAMIREZ-CALLE, alleging a deficiency in the sum of $3,056.72 for taxes allegedly due and payable for personal income tax.

72. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff RAMIREZ-CALLE.

73. Plaintiff RAMIREZ-CALLE has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

74. RAMIREZ-CALLE's challenge to the tax assessment is currently pending before the DTA.

75. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, ALEC ZEF, alleging a deficiency in the sum of $3,731.10 for taxes allegedly due and payable for personal income tax.

76. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff ALEC ZEF.

77. Plaintiff ZEF has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

78. ZEF's challenge to the tax assessment is currently pending before the DTA.

79. On April 23, 2012, the defendants, under color of state law, caused a notice of deficiency to be served upon plaintiff, ALEC ZEF, alleging a deficiency in the sum of $1,740.41 for taxes allegedly due and payable for personal income tax.

80. In truth and fact, the notice of deficiency was a pretext designed to provide a lawful basis for the retaliatory termination of employment of plaintiff ZEF.

81. Plaintiff ZEF has retained counsel and filed a timely challenge to the aforementioned notice of deficiency.

82. ZEF's challenge to the tax assessment is currently pending before the DTA.

83. Under New York law, proposed tax deficiencies which have been protested to the DTA are not due, owing and or collectible until, and unless, there is a DTA determination upholding the proposed assessments.

84. On or about November 30, 2011, the Defendants violated the New York State tax secrecy laws and United States tax secrecy laws by disclosing Plaintiffs confidential tax return information to the Human Resources of the New York State Department of Taxation and Finance.

85. On or about June 5, 2012, the Defendants violated the New York State tax secrecy laws and United States tax secrecy laws by disclosing Plaintiffs confidential tax return information to the Labor Relations of the New York State Department of Taxation and Finance.

86. On August 17, 2012, the defendant DAVID SAVOIE ordered Plaintiffs AURIGEMMA, FEDELE, RAMIREZ-CALLE and ZEF to submit to an Interrogation regarding expenses set forth in their 2010 tax return, the same issues that had been protested to, and were then pending before BCMS, and now the DTA.

87. Despite plaintiffs' having exercising their rights under New York law to protest the proposed assessments in the BCMS the Defendants nonetheless demanded to interrogate plaintiffs under the guise of Labor Relations for the same tax year under protest.

88. Such interrogations were in retaliation for Plaintiffs exercising their civil rights, including but not limited to, their right to redress grievances under the First Amendment.

89. On August 20, 2013, the Defendants suspended Plaintiffs AURIGEMMA, FEDELE, RAMIREZ-CALLE and ZEF following the order from New York Supreme Court in Albany County directing Defendants to turn over the documents responsive to Plaintiffs' FOIL request with regard to Labor Relations Interrogations.

90. Such suspensions were in retaliation for Plaintiffs exercising their civil rights, including but not limited to, their right to redress grievances under the First Amendment.

## AS AND FOR A FIRST CAUSE OF ACTION

91. The defendants, under the color of state law, violated the United States tax secrecy laws in order to further their scheme to retaliate against plaintiffs for their exercise of constitutionally protected Civil Rights.

92. The plaintiffs did not consent to the use or release of this information to, or by, the defendants.

93. The plaintiffs have been damaged in an amount of compensatory and punitive damages to be determined by a jury.

## AS AND FOR A SECOND CAUSE OF ACTION

94. Plaintiffs repeat each and every allegation with the same force and effect as originally stated.

95. The defendants, under the color of state law, violated the New York State tax secrecy laws

96. The plaintiffs did not consent to the use or release of this information to, or by, the defendants.

97. The plaintiffs have been damaged in an amount of compensatory and punitive damages to be determined by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION

98. Plaintiffs repeat each and every allegation with the same force and effect as originally stated.

99. The defendants, under color of state law, conspired to deprive the plaintiffs of equal protection of the laws or equal privileges and immunities under the law in violation of 42 U.S.C. § 1983.

100. The plaintiffs have been damaged in an amount of compensatory and punitive damages to be determined by a jury.

## AS AND FOR A FOURTH CAUSE OF ACTION

101.  Plaintiffs repeat each and every allegation with the same force and effect as originally stated.

102.  The defendants, under the color of state law, subjected the plaintiffs to a deprivation of rights, privileges or immunities secured by the constitution and law by, among other things, violating the plaintiffs' First Amendment right to freedom of speech, freedom to redress grievances, freedom of association, freedom of the press, and the Fourteenth Amendment right to equal protection of the law in violation of 42 U.S.C. § 1983.

103.  Defendants have also deprived Plaintiffs of due process rights under both the Federal and New York State Constitutions.

104.  The plaintiffs have been damaged in an amount of compensatory and punitive damages to be determined by a jury.

**WHEREFORE,** it is respectfully requested that this Court enter judgment in favor of the plaintiffs and against the defendants jointly and severally, for an amount to be determined by a jury, together with such other and further relief as to this Court deems just and proper.

DATED:  November 13, 2013

HOWARD R. BIRNBACH, ESQ.
Attorney for Plaintiffs
111 Great Neck Road – Suite 413
Great Neck, NY   11021
516-829-6305

12